IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD G. REMBOLD, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-21-2737 |
| WARDEN WILLIAM S. BOHRER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

**MEMORANDUM OPINION**

Petitioner Donald G. Rembold challenges the validity of his 2016 state criminal convictions pursuant to 28 U.S.C. § 2254. ECF No. 1. Because Rembold has failed to exhaust administrative remedies, the Petition shall be dismissed.[1]

**I.   Background**

On April 12, 2016, Rembold was convicted in the Circuit Court for Harford County of two counts of sexual abuse of a minor and two counts of third-degree sexual offenses. *State v. Rembold*, Case No. 12-K-14-000396 (Cir. Ct. Harford Cnty.), ECF No. 4-1 at 7, 13. On July 20, 2016, the Circuit Court sentenced him to an aggregate term of 50 years' incarceration with all but 40 years suspended. *Id.* at 7-8. On June 10, 2016, Rembold noted his appeal, challenging the denial of his suppression motion and an interim competency determination. *Id.* at 13, 126-51.

On August 3, 2017, the Maryland Court of Special Appeals affirmed the convictions and sentence. *Rembold v. State*, Case No. 1122, Sept. Term 2016 (Ct. Spec. App. Md. Aug. 3, 2017), ECF No. 4-1 at 178-93. Rembold next petitioned the Court of Appeals for writ of certiorari on September 25, 2017. ECF No. 4-1 at 204-06. On November 17, 2017, the Court of Appeals of

---

[1] Rembold also filed a Motion for Leave to Proceed in Forma Pauperis. ECF No. 3. Because he paid the full filing fee, however, the Motion shall be denied as moot.

Maryland dismissed the petition "on the grounds of lateness." *Rembold v. State*, 173 A.3d 159 (Md. 2017) (table), ECF No. 4-1 at 233.

Rembold also petitioned the state court for post-conviction relief. *See* Pet., ECF No. 1 at 3 (stating that he filed it on May 30, 2016); Resp. Motion, ECF No. 4 at 16 (acknowledging that Rembold filed it by March 20, 2018 at the latest). In the state post-conviction petition, Rembold argued that the state knowingly "use[d] perjured testimony" and fabricated evidence, and that the court lacked jurisdiction. *See* ECF No. 1 at 3. Rembold also complained that he had been denied effective assistance of counsel. *See* ECF No. 4-1 at 249-63. Rembold last added as grounds for relief that he had been denied meaningful access to courts. *See* ECF No. 4-1 at 264-68.

The post-conviction court rescheduled a hearing on the petition several times into 2021. *Id.* at 9. In September 16, 2021, an attorney from the Office of the Public Defender entered his appearance on behalf of Rembold. *Id.* at 16. On November 2, 2021, Rembold himself submitted yet another amended post-conviction petition, adding judicial misconduct allegations. *See id.* 269-74. At present, the hearing on the post-conviction petition has not been rescheduled. *See id.* at 9.

On October 25, 2021, Rembold filed his Petition in this Court, raising many of the same claims covered in his post-conviction petition. ECF No. 1 at 5-6. He also avers that the state court is "actively refusing counsel and hearing." *Id.* at 3. Respondents filed a limited answer, arguing that the federal Petition must be dismissed as unexhausted. ECF No. 4. Because Respondents are correct that the claims raised by Rembold remain unexhausted, the Petition is dismissed without prejudice.

II.     **Discussion**

Before this Court may consider a Petition challenging the validity of a state criminal conviction, the claims must be exhausted at every available level of state-court review. *See* 28

U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Pertinent to this Petition, "each ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017).

Although Rembold's direct appeal from his conviction has concluded, his post-conviction petition is still pending in state court. The claims presented in this Petition have been, and may still be, raised in the pending post-conviction petition. If Rembold does not prevail on the state post-conviction petition, he must next seek leave to appeal the adverse ruling to the Court of Special Appeals. *See id.*; Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the appeal, the claims will, at that point, be considered exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. Alternatively, if Court of Special Appeals hears the matter but denies relief on the merits, Rembold must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Because Rembold's post-conviction petition is currently pending, the Petition before this Court will be dismissed without prejudice so that Rembold may exhaust remedies on the claims.[2] Once all claims have been exhausted, Rembold is free to refile his § 2254 Petition. Notably, the one-year limitations period to file a § 2254 Petition is tolled where, as here, Petitioner files a state post-conviction petition within the one-year limitation period for filing a federal petition. *See* 28 U.S.C. § 2244(d).[3] *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Once Rembold

---

[2] Rembold's frustration regarding the delay in the adjudication of his state post-conviction petition is understandable. To the extent he asks this Court to compel the Circuit Court for Harford County to set his case for a hearing or to rule on the petition for post-conviction, his request is akin to a petition for a writ of mandamus, which must be denied. *See* 28 U.S.C. § 1361. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. By contrast, this Court maintains no mandamus jurisdiction over state courts. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

[3] This section provides:

has exhausted the state post-conviction process as described above, the one-year limitations clock on the federal petition begins to run again; Rembold must seek federal habeas corpus review in the time remaining.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Rembold fails to meet this standard and a Certificate of Appealability shall not issue.

---

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## IV. Conclusion

For the foregoing reasons, the Motion for Leave to Proceed in Forma Pauperis is DENIED as moot, and the Petition is DISMISSED without prejudice. The Court declines to issue a Certificate of Appealability. A separate Order follows.

| | |
|---|---|
|     1/21/22     |     /S/     |
| Date | Paula Xinis<br>United States District Judge |